UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNON TITUS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 13-cv-02401-JST<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 42 |

Before the Court is a motion for summary judgment filed by the City and County of San Francisco, San Francisco Police Department Officers Andrew Johnson, Eric Vintero, and Patrick Brady. ECF No. 42. The Court will grant Defendants' motion.

**I.    BACKGROUND**

**A.    Factual History**

For the purposes of summary judgment, the Court assumes the following facts pursuant to Plaintiff's First Amended Complaint, ECF No. 40 ("FAC").[1] Plaintiff was driving his work truck to Veteran's Administration Hospital when he was stopped by Officer Eric Vintero on May 7, 2012. ECF No. 40 at 4-5. Officer Vintero told Plaintiff that he was pulled over because he did not stop at a stop sign. Id. at 5. Plaintiff informed Officer Vintero that he was on his way to the hospital because he was a diabetic and was feeling very sick. Id. Plaintiff "was sweating, weak and visibly shaking and was swaying when he stood." Id.

Officer Vintero only instructed Plaintiff to remain in the truck. Id. Officers Andrew

---

[1] In their Reply to Plaintiff's opposition, Defendants object to a number of facts and statements in Plaintiff's Declaration, to the extent they conflict with his deposition testimony. ECF No. 52 at 8-9. Defendants also object to the Declaration and attached exhibits because they were untimely filed, as well as to certain exhibits because they contain unauthenticated materials. Id. Because the disputed facts are unnecessary to the Court's decision, the Court does not reach these evidentiary objections.

Johnson and Patrick Brady arrived at the scene, at which time Officer Vintero ordered Plaintiff out of his vehicle.[2] Id. Plaintiff was ordered to place his hands on the hood and spread his legs, and then was told to stand on the sidewalk. Id. Officer Vintero allowed Plaintiff to sit when Plaintiff reiterated that he felt sick. Id. Plaintiff alleges that the Officers were rude and yelled at him. Id. at 6. Plaintiff was in custody for a total of about 40 minutes. Id. at 4.

The officers subsequently had Plaintiff's car towed, but allowed Plaintiff leave with a citation. Id. Plaintiff asked for a ride to the hospital; the Officers refused because it was "only two blocks away." Id. at 6. Plaintiff walked to the hospital and was taken in for examination, but alleges that "the risk of being detained could have caused Plaintiff to have a stroke given his high level of sugar." Id.

### B. Procedural History

Plaintiff filed his initial complaint in San Francisco Superior Court, and Defendants removed the case pursuant to 28 U.S.C. § 1441. Plaintiff was granted leave to amend his initial complaint, and in August 2014 Plaintiff filed his FAC, alleging that Defendants were liable for intentional infliction of emotion distress and deliberate indifference to his medical needs under Section 1983, in violation of his Fourteenth Amendment rights. ECF No. 40 at 6-9. Defendants filed this motion for summary judgment. ECF No. 42.

### C. Jurisdiction

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's cause of action arises under the United States Constitution.

## II. LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). A dispute is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, and material only if the disputed fact might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

---

[2] Defendants explain in their motion for summary judgment that Plaintiff was pulled over because his vehicle registration was expired, and the car had mismatched license plates. ECF No. 42 at 4. Plaintiff's FAC does not include this information.

(1986). The court must draw all reasonable inferences in the light most favorable to the non-moving party. Johnson v. Rancho Santiago Cmt. Coll. Dist., 623 F.3d 1011, 1018 (9th Cir. 2010). However, unsupported conjecture or conclusory statements do not create a genuine dispute as to material fact and will not defeat summary judgment. Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008).

### III. DISCUSSION

Plaintiff brings two causes of action: a claim for intentional infliction of emotional distress and a claim for deliberate indifference to medical needs. For the reasons stated below, Plaintiff has not provided sufficient facts in his FAC to present a genuine issue of material fact in any of these claims.

#### A. Intentional Infliction of Emotional Distress

Defendants' seek summary judgment against Plaintiff's claim that they intentionally inflicted emotional distress during the traffic stop. ECF No. 40 at 6. The Court concludes that, even viewing all facts in favor of the Plaintiff, no reasonable jury could find that Defendants' actions rose to the level of outrageousness sufficient to support a claim for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress, a plaintiff must show: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." George v. Sonoma County Sheriff's Dep't, No. C-08-02675 EDL, 2009 WL 656299, *6 (N.D. Cal. Mar. 12, 2009) (citing Trerice v. Blue Cross of Cal., 209 Cal.App.3d 878, 883 (1989); Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982)). Plaintiff must also show that the outrageous conduct was "so extreme as to exceed all bounds of that usually tolerated in a civilized society." Id. Rude or insensitive conduct is insufficient to meet the requirements for intentional infliction of emotional distress. Id.

Defendants argue that Plaintiff has not demonstrated any conduct by the officers' that would rise to the level of "outrageousness" required to make out a claim for intentional infliction

3

of emotional distress. Plaintiff does not offer argument in opposition to Defendants' motion for summary judgment as to his intentional infliction of emotional distress claim. Looking to his complaint, Plaintiff alleges that during the course of a valid traffic stop, officers ordered Plaintiff to hand over his license and registration, instructed him to get out of the car, and made him spread his legs and place his hands on the hood. ECF No. 40 at 5. Plaintiff alleges that officers yelled at him and were "rude and impolite the entire time." Id. at 5-6. When Plaintiff asked for a ride to the hospital because he was feeling ill, Defendants refused, because transporting a passenger who was not handcuffed and had not been thoroughly searched was contrary to department policy. ECF No. 42 at 5.

Plaintiff alleges no conduct by Defendants that allow a reasonable jury to find that their actions were "so extreme as to exceed all bounds of that usually tolerated in a civilized society." Id. Plaintiff does not contest the validity of the traffic stop or deny Defendants' claims that, while driving a vehicle with a suspended license, he ran a stop sign. See ECF No. 29 at 2 (acknowledging that Plaintiff does not make claims of "false detention and false imprisonment"). Although Plaintiff claims he was visibly ill throughout the length of the stop, it was not outrageous for police officers to undertake a short traffic stop after witnessing him operate a vehicle illegally in a manner that posed a danger to others. Once that stop was completed, Defendants' only additional action was to deny Plaintiff's request to drive him to a hospital that was two blocks away. Such a refusal is not "so extreme as to exceed all bounds of that usually tolerated in a civilized society." George, 2009 WL 656299, *6.

The Court therefore grants Defendants' motion for summary judgment as to Plaintiff's intentional infliction of emotional distress claim.

### B. Deliberate Indifference

Defendants' also seek summary judgment as to Plaintiff's claims they acted with deliberate indifference to his serious medical needs by stopping him and then refusing to provide him a ride two blocks to the hospital. Defendants contend that Plaintiff has failed to create a genuine issue as to whether his Fourteenth Amendment rights were violated. Defendants argue in the alternative that, even if Defendants' rights were violated, Defendants are entitled to qualified immunity as

4

Defendants' conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). Because Defendants could not have known that their brief detention and subsequent release of Plaintiff violated his constitutional rights, the Court will grant summary judgment in their favor as to Plaintiff's deliberate indifference claim.

To determine whether to grant qualified immunity, a court must ask whether a plaintiff's rights were violated and if that right that was "clearly established." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. "If an official could reasonably have believed her actions were legal in light of clearly established law and the information she possessed at the time, she is protected by qualified immunity." Franklin v. Fox, 312 F.3d 423, 437 (9th Cir. 2002).

It is clearly established in the law that the Fourteenth Amendment protects against police officers' acting with deliberate indifference toward the serious medical needs of an individual they have detained. See Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002). (collecting cases holding that deliberate indifference claims brought by arrestee arise "from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). But for the purposes of the qualified immunity analysis, "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." Wilson v. Layne, 526 U.S. 603, 615 (1999). Therefore, the task of "determining whether the law was clearly established 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). The Ninth Circuit has held that, in the context of claims for deliberate indifference, courts must grant officers qualified immunity where the circumstances would not have informed a reasonable officer that their conduct "posed such a substantial risk of serious harm that doing so would be constitutionally impermissible." Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1053 (9th Cir. 2002).

5

The parties dispute how much information Defendants had about Plaintiff's medical condition. Plaintiff alleges that he "was in dire need of emergency treatment when he was detained, so much that it was obvious that even a layperson would easily recognize the necessity for immediate medical attention." ECF No. 40 at 8. Plaintiff also claims that he told officers he was sick and had been en route to seeking emergency care at Veterans Hospital when he was stopped. Id. Because the qualified immunity inquiry must be conducted viewing all facts in favor of the plaintiff, the Court concludes that there is at least a genuine issue as to whether Plaintiff made Defendants aware of a risk to his health such that Defendants were aware of Plaintiff's medical needs at the time they refused to transport him to the Hospital.

Nevertheless, the Court concludes that Defendants are entitled to qualified immunity, because then-existing law did not clearly inform Defendants that validly stopping Plaintiff for a short period of time and then allowing him to walk unassisted two blocks to a hospital posed such a substantial risk of harm as to be constitutionally impermissible. Estate of Ford, 301 F.3d at 1053. Plaintiff was lawfully stopped after he ran a stop sign. Plaintiff does not contest the legality of his initial detention or claim that he was detained for longer than necessary to complete the investigation into his traffic violation and suspended license. Although Plaintiff alleges he was visibly ill during the stop, he cites not authority for the proposition that illness entitles an individual to be released from a brief and otherwise lawful traffic stop.

Although Plaintiff contends Defendants' acted unlawfully in detaining him while he was ill, Plaintiff's deliberate indifference claim also rests on an allegation that officers acted unlawfully by not keeping him in their custody further and transporting him in a police vehicle to the Hospital. Even if the Court accepts that the Defendants acted with deliberate indifference to Plaintiff's serious medical needs by towing his car and failing to provide him with a ride to the hospital when he appeared to be physically ill, Defendants could not have been expected to know that their decision to release Plaintiff had constitutional ramifications. Plaintiff has pointed to no case where any court has concluded that officers acted with deliberate indifference to an individual's health by releasing him from their custody and allowing him to proceed to a nearby hospital unassisted.

Deliberate indifference claims commonly arise where a Plaintiff is incarcerated or detained and therefore dependent on officers for medical care. Because a detained or incarcerated individual "must rely on prison authorities to treat his medical needs[,] if the authorities fail to do so, those needs will not be met." Estelle v. Gamble, 429 U.S. 97, 103 (1976). Plaintiff cites to cases in which defendants were found to have acted with deliberate indifference where they refused to provide a plaintiff with medical care while keeping that plaintiff in custody, rendering the plaintiff unable to obtain any medical care. See ECF No. 49 at 8-9 (citing Nerren v. Livingston Police Department, 86 F.3d 469 (5th Cir. 1986); Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 258 (7th Cir. 1996)). But none of those cases would have given notice to Defendants that their decision to *release* Plaintiff from their custody and allow him to proceed to a hospital only two blocks away constituted a Fourteenth Amendment violation. As Plaintiff was able to get to the hospital unassisted on foot after he was released, Defendants' brief and lawful detention did not seriously compromise Plaintiff's ability to treat his own medical needs.

Defendants state that they deferred to their departmental policy to refuse to provide rides to individuals who were not arrested and had not been thoroughly searched. No clearly-established constitutional law conflicted with this policy. Therefore, the Court finds that Defendants are entitled to summary judgment as to Plaintiff's deliberate indifference claim.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED in its entirety.

Defendants are ordered to provide a form of proposed judgment to the Court within 15 days of entry of this order.

**IT IS SO ORDERED.**

Dated: December 22, 2014

JON S. TIGAR
United States District Judge